UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Miscellaneous Action No. 20-mc-00153-CMA

SALT MOBILE S.A.

        Petitioner,

v.

LIBERTY GLOBAL INC.,
LIBERTY MEDIA CORPORATION,
JOHN C. MALONE, and
MICHAEL FRIES.

        Respondents.

## UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS

Petitioner Salt Mobile S.A. submits this Unopposed Motion to Restrict Public Access to the following materials submitted in support of Salt Mobile's Application and Petition for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (ECF No. 1):

- Paragraphs 21(C)-(D) and 24 of the Declaration of Prof. Dr. Thomas Werlen (the "Werlen Declaration," ECF No. 3);

- Exhibit 24 thereto: Exclusivity Agreement, dated April 9, 2020, between Sunrise Communications AG and Salt (the "Exclusivity Agreement," ECF No. 3-1);

- Exhibit 25 thereto: Amendment to the Exclusivity Agreement, dated June 15, 2020, between Sunrise and Salt (the "Exclusivity Amendment," ECF No. 3-2); and

- Exhibit 26 thereto: June 10, 2020 email between Huber Marcel (of Sunrise) and Olivier Rosenfeld (of Salt) (ECF No. 3-3).[1]

---

[1] Salt Mobile refers to the to-be-restricted portions of the Werlen Declaration and Exhibits 24-26, together, as the "Restricted Documents."

## CERTIFICATE OF CONFERRAL

As required by D.C.COLO.LCivR 7.1(a), the undersigned counsel confirm that they have conferred with counsel for all Respondents[2] in this action and that no Respondent opposes the requested relief.

## PRELIMINARY STATEMENT

On August 26, 2020, Petitioner moved this Court for an order allowing it to obtain written and testimonial discovery from Respondents in support of contemplated foreign proceedings against non-party Sunrise Communications AG ("Sunrise"). On August 31, 2020, the Court granted Petitioner's Application. (Order, ECF No. 7.) As of September 2, 2020, Petitioner has served each of the Respondents with authorized subpoenas.

In support of its Application, Petitioner filed over 30 pages of briefing and declarations attaching more than 500 pages of exhibits. Of those, Petitioner seeks to restrict public access only to 2 paragraphs of the Werlen Declaration and 3 exhibits thereto totaling 10 pages. Petitioner does so primarily to protect its own and non-party Sunrise's current and ongoing strictly private contractual obligations and related information, the disclosure and dissemination of which to the public could impact their competitive standing. Petitioner's and Sunrise's interest in maintaining the restrictions of the Restricted Documents far outweighs the public's interest in free access here, because the Restricted Documents are merely contextual to this § 1782 action, which does not directly turn on the merits of the contemplated Swiss proceedings.

---

[2] Capitalized terms not otherwise defined herein carry the same meanings set out in Petitioner's memorandum of law in support of the initial Application (ECF No. 1-1).

2

## ARGUMENT

To be sure, "judicial documents are presumptively available to the public." *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (citing *Nixon v. Warner Comms.*, 435 U.S. 589, 602 (1978)). That is because "the public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they run fairly." *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 636 (D. Colo. 2010) (citing *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). But that right "is not absolute," and the Court should seal documents when the public's right of access is outweighed by competing interests, such as the need to protect business information. *See id.* at 636–37.

To aid in this balancing, the Court's rules require that all motions to restrict shall be open to public inspection and shall:

1. Identify the document or the proceeding for which restriction is sought;

2. address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discover, alone, are insufficient to justify restriction);

3. identify a clearly defined and serious injury that would result if access is not restricted;

4. explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

5. identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c). Here, all of these factors weigh in favor of restricting public access to the Restricted Documents, which have no real direct bearing on the issues implicated in these proceedings.

### A. Petitioner Seeks to Restrict Access only to a Small, Tailored Subset of Documents

As noted above, Petitioner seeks to restrict public access only to private business information (primarily current and ongoing strictly private contractual obligations between the Salt and a third party) contained in Exhibits 24-26 and references to the same in paragraphs 21(C)-(D) and 24 of the Werlen Declaration. That narrow restriction will leave the entirety of Petitioner's briefing, and the vast majority of the exhibits thereto, open to public inspection. The public will, therefore, be fully able to understand the dispute and assure its fairness despite the restriction. *See infra* Part B.

### B. The Balance of Interests Favors the Limited Restriction Sought

The public's interest in access is minimal where, as here, the documents to be sealed have no real bearing on the public's ability to understand and monitor the proceedings. *See Whitaker v. Silver Key Bd. of Directors*, No. 19-cv-01052-RBJ-KMT, 2020 WL 2041349, at *2 (D. Colo. Apr. 28, 2020) (recognizing that the public has a far lesser interest in "access to information that is not relevant to the merits of the case"). That follows because the "public monitoring of courts," on which the right to access is premised, is not furthered by access to documents that are irrelevant on the merits and thus immaterial to that monitoring. *See Doe v. Boulder Valley Sch. Dist. No. RE-2*, No. 11-cv-02107-PAB, 2011 WL 3820781, at *1 (D. Colo. Aug. 30, 2011).

Whereas the Restricted Documents are crucial to Petitioner's contemplated Swiss proceedings, they are mostly contextual to its § 1782 petition, which does not turn on the merits of Petitioner's foreign claims. (*See generally*, Memo. at 11–13, ECF No. 1-1.) Thus, the public interest to overcome is weaker here than in most cases. *See In re Pishevar*, No. 119MC00503JGKSDA, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020) ("The Court did not

consider the [document sought to be sealed] in reaching its decision [in § 1782 proceeding], which weakens the presumption of public access.").

On the other hand, Petitioner's and Sunrise's interest in keeping restricted the Restricted Documents and protecting their private business information relating to their current and ongoing strictly private contractual obligations is overriding. It is settled that "[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011) (citing *Nixon*, 435 U.S. at 598); *see also Peterson v. Nelnet Diversified Sols., LLC*, No. 17-cv-01064-NYW, 2020 WL 3978756, at *9 (D. Colo. May 20, 2020) (similar).

The Restricted Documents contain private information relating to their contractual obligations in connection with Petitioner and Sunrise's proposed joint venture—particularly detailed contractual duties governing their conduct during the Exclusivity Period. As discussed below in Part C, the disclosure and dissemination of these obligations and constraints could impact Petitioner's and non-party Sunrise's competitive positions. Further, Exhibit 26 contains information relating to the identity of non-party individuals involved in the negotiations over the proposed joint venture and Exclusivity Agreement. *See Huddleson*, 270 F.R.D. at 637 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32–36 (1984)).

The strong interests supporting restricted access easily outweigh the slight public interest in access to these documents not directly relevant to the present action.

### C. Petitioner Will Suffer Serious Injury if Access Is not Restricted

The disclosure of Petitioner's strictly private contractual obligations set out in the Exclusivity Agreement could impact Petitioner's proposed joint venture and its individual commercial pursuits. Take, for instance, the details about what M&A activity the parties to the Exclusivity Agreement can and cannot engage in. Should a competitor or business suitor learn more details about it, they could take advantage of that information to affect the proposed joint venture or to skirt the very purpose of exclusivity. Moreover, the Exclusivity Agreement constricts the parties' ability to independently conduct certain business. Should a competitor learn of those restrictions, they could usurp those business lines free of competition and potentially to the harm of consumers. These harms are real, but also easily avoided by the requested restriction. *See SBM Site Servs., LLC*, 2011 WL 1375117, at *3 ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing." (citing *Nixon*, 435 U.S. at 598)); *see also Peterson*, 2020 WL 3978756, at *9 (similar).

### D. Only the Requested Restriction Will Protect Petitioner's and Sunrise's Business Information

Petitioner has limited the requested restriction to only three exhibits and references thereto, so as to still permit the public to monitor, review, and evaluate Salt Mobile's § 1782 petition. There is no less restrictive way to protect the information in the Restricted Documents from disclosure than to keep those records sealed.

### E. Petitioner Requests Only Level 1 Restriction

Petitioner seeks only a Level 1 restriction (the least restrictive option), which limits access to the parties to the action and the Court.

6

## **CONCLUSION**

For these reasons, the Court should grant the motion, maintain the Level 1 restriction to Exhibits 24-26 and paragraphs 21(C)-(D) and 24 of Werlen Declaration, and file the public, redacted version of the Werlen Declaration attached as Exhibit 1.

Dated:  September 9, 2020.                          Respectfully submitted,


*s/ Kathryn A. Reilly*
Kathryn A. Reilly
Ryan W. Cooke
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   reilly@wtotrial.com
             cooke@wtotrial.com

Peter Calamari
Lucas Bento
Colin Steele
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:   212.849.7171
Telephone:   212.849.7552
Telephone:   212.849.7080
Email:   petercalamari@quinnemanuel.com
             lucasbento@quinnemanuel.com
             colinsteele@quinnemanuel.com

*Counsel for Petitioner Salt Mobile S.A.*

7

### CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on September 9, 2020, I electronically filed the foregoing **UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**Gregory S. Tamkin**
Tamkin.greg@dorsey.com

**Maral J. Shoaei**
shoaei.maral@dorsey.com

*s/ Claudia Jones*